IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AUDRA S. MARTIN,

                Plaintiff,                Case No. 3:06 CV 2915

  -vs-

                                              MEMORANDUM OPINION

CSX TRANSPORTATION, INC., et al.,

                Defendant.

KATZ, J.

     This matter is before the Court on Third-party Defendants' American Power Conversion Corp. ("APCC") and B&B Battery (USA), Inc.'s ("B&B") motions for judgment on the pleadings (Doc. 102, 103), Defendant and Third-party Plaintiff CSX Transportation, Inc.'s ("CSX") response (Doc. 104), APCC's reply (Doc. 106), and CSX's sur-reply (Doc. 108). Additionally, APCC has filed a motion to strike the affidavit of Leah Hohenberger (Doc. 109).

**I. Background**

     On December 5, 2006, Plaintiff Audra Martin filed a Complaint against CSX alleging that she was injured on December 13, 2003. (Doc. 1). Plaintiff Martin alleges that while she was a yardmaster at CSX's rail yard in Willard, Ohio a battery used to power the yard's power supply system began to leak and release fumes that caused Plaintiff Martin to lose consciousness, fall, and sustain injuries. Plaintiff Martin sued CSX under the Federal Employers Liability Act ("FELA") 45 U.S.C. § 51, *et seq.* On December 28, 2006, CSX filed an Answer denying liability. (Doc. 4.) On August 21, 2007, CSX filed a Third-party Complaint against APCC for contribution and indemnity. (Doc. 51). On October 18, 2007, APCC filed an Answer to the Third-party Complaint denying liability and asserting affirmative defenses. (Doc. 54).

On June 5, 2008, CSX and Plaintiff Martin settled their disputes and filed an amended notice stipulating to the dismissal of Plaintiff's claims against CSX, with prejudice, due to a settlement between the parties. (Doc. 80, 81).

On October 14, 2008, CSX filed a Second Amended Third-party Complaint against APCC and new Third-party Defendant B&B, the manufacturer of the battery. (Doc. 95). CSX alleged two claims against APCC and B&B: (1) indemnification, and (2) contribution. CSX's Second Amended Third-party Complaint did not mention the settlement agreement between Plaintiff and CSX. On October 16, 2008, APCC filed an Answer to the Second Amended Third-party Complaint, and B&B filed an Answer on December 8, 2008. (Doc. 96, 97). The pleadings are now closed.

**II. Rules 12(b)(6) and 12(c)**

After the pleadings are closed, Fed.R.Civ.P. 12(c) permits any party to move for judgment on the pleadings as long as trial is not delayed as a result. A 12(c) motion employs essentially the same standard as a 12(b)(6) motion. *United Food & Commer. Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 746 (6th Cir. 2004)*; Spivey v. Ohio*, 999 F.Supp. 987, 991 (N.D.Ohio 1998). Specifically, "a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)). However, it is unnecessary for the Court to "accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 688.

**III. Discussion**

Third-party Defendants APCC and B&B argue that CSX is not entitled to contribution because there is no evidence or averment that their potential liability to Plaintiff Audra Martin was extinguished by the settlement agreement between CSX and Plaintiff Martin as required by OCR §2307.25(B). Third-party Defendants also believe that because the statute of limitations protects them from claims against Plaintiff Martin, under OCR §2307.25(B), they are also protected from CSX's contribution claim.

CSX responds that APCC and B&B's motions are procedurally improper. Furthermore, CSX claims that the contribution claim against APCC and B&B are viable despite OCR §2307.25.

**A. Settlement Agreement**

CSX argues that Third-party Defendants' motions cannot be decided because they would require the Court to consider CSX's settlement agreement with Plaintiff Martin. While the motions make reference to the settlement agreement, the agreement itself has not been presented for the Court's consideration and is not expressly referenced in the Second Amended Complaint. Plaintiff believes that the appropriate remedy would be for the Court to dismiss the pending motions and for Third-party Defendants to file a motion for summary judgment after further discovery.

In *Weiner v. Klais & Co.*, the Sixth Circuit concluded that in a motion for judgment on the pleadings, courts may look at the pleadings themselves and exhibits "incorporated by reference into the complaint" 108 F.3d 86, 89 (6th Cir.1997). The *Weiner* court agreed with the Seventh Circuit's holding that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her

3

claim." *Id.* (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The instant case appears to be in a grey area. On one hand, it is true CSX's Second Amended Complaint did not mention the settlement agreement between CSX and Plaintiff. On the other hand, it is undisputed that on June 5, 2008, CSX and Plaintiff Audra Martin settled their disputes and filed an amended notice to the Court stipulating to the dismissal of Plaintiff's claims against CSX, with prejudice, due to the agreement. (Doc. 80, 81). Although CSX failed to reference the settlement in the Second Amended Complaint, the contribution claim against the Third-party Defendants is a direct result of the settlement, and thus central to their claim. In their Answers, APCC and B&B do reference a settlement agreement. B&B's seventh affirmative defense states that the contribution claim is barred by OCR § 2307.25, the statute that explains when a tortfeasor who enters into a settlement with a claimant is entitled to contribution from another tortfeasor. (Doc. 97 at 4). APCC's Answer states that CSX's contribution claim "may be barred pursuant to the doctorne[] of . . . release." (Doc. 96 at 5).

As a result, at this juncture and without further discovery, while the Court will not neglect the existence of the settlement agreement, it draws no conclusions regarding the content of the agreement except that the agreement extinguished Plaintiff Marin's claims against CSX. The Court proceeds on this basis.

**B.  Ohio Rev. Code § 2307.25**

The Ohio Contribution Among Joint Tortfeasors Act governs the ability of one party to seek contribution from another party jointly responsible for a plaintiff's injury. *See* Ohio Rev. Code. § 2307.25, *et seq.* R.C. § 2307.25(A) states, in pertinent part:

> Except as otherwise provided in sections 2307.25 to 2307.28 of the Revised Code, if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property . . . there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share.

Third-party Defendants APCC and B&B believe that R.C. § 2307.25(B) bars CSX's contribution claim:

> A tortfeasor who enters into a settlement with a claimant is not entitled to contribution from another tortfeasor whose liability for the injury or loss to person or property or the wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement that is in excess of what is reasonable.

### 1. Adequate Pleading

Third-party Defendants argue that CSX failed to plead a prerequisite element that would entitle it to contribution. Specifically, Third-party Defendants argue that CSX did not plead that there was a release or settlement agreement, that the agreement extinguished APCC and B&B's liability, or the amount of the settlement.

The Federal Rules of Civil Procedure require notice pleading. This includes a short and plain statement of a claim to give the defendant fair notice of the claim. *See* Fed. R. Civ. P. 8(a); *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Here, after alleging the facts that caused Plaintiff's injuries and setting fourth a claim for indemnification that CSX does not dispute, CSX's Second Amended Third-party Compliant states the following under the heading "Contribution":

> While denying any liability to Plaintiff, Defendant/Third-Party Plaintiff states that if it is held liable to Plaintiff for any of the alleged damages, then it is entitled to contribution from Third-Party Defendant APC and Third-Party Defendant B&B, to

5

>    the extent that CSX is required to pay an amount in excess of its proportionate
>    share of the liability.

(Doc. 95 at ¶ 15). The Court does not find a requirement that mandates that when a settlement is involved, a claimant must allege that the agreement extinguished the Third-party Defendants' liability. Furthermore, it is not sound policy to find such a requirement. Contribution is only available between tortfeasors. R.C. §§ 2307.31-2307.34. While it is true that R.C. § 2307.25(B) prescribes that "a tortfeasor who enters into a settlement with a claimant is not entitled to contribution from another tortfeasor whose liability for the injury or loss to person or property . . . is not extinguished by the settlement," such language is an exception from the general rule stated in R. C. § 2307.25(A). To require a claimant to plead that he or she qualifies under each exception under this statute would be at odds with the notice pleading standard. Moreover, as this opinion explains below, it is possible for a tortfeasor who enters into a settlement with a claimant to be entitled to contribution from another tortfeasor whose liability is not extinguished by the settlement but rather is protected from the claimant under the relevant statute of limitations. As a result, the Court denies Third-party Defendants APCC and B&B's motion to dismiss on this ground.

### 2. Statute of Limitations

Third-party Defendants argue that, even assuming that CSX named them in the settlement agreement to extinguish their liability to Plaintiff, Plainitff had no viable claims against APCC and B&B at the time of the settlement agreement because the statute of limitations had already expired for Plaintiff's potential claims, and thus, they are protected from CSX's contribution claim. CSX responds that Third-party Defendants may not circumvent the contribution claim and avoid liability by way of the statute of limitations.

6

To support their argument, Third-party Defendants rely on *Nationwide Ins. Co. v. Shenfield* (1992), 85 Ohio App.3d 563, 620 N.E.2d 866. In *Nationwide*, the defendant seeking contribution executed a settlement with the plaintiff, which included a release purportedly including the co-defendant from whom contribution was sought. *Id.* at 566-67. The Sixth District reasoned that if a tortfeasor who has settled with the plaintiff can only seek to recover contribution where the liability of the co-tortfeasor from whom contribution is claimed is "extinguished" by the settlement agreement, there could be no plaintiff's claim to extinguish after the co-tortfeasor has successfully raised the statute of limitations, and contribution would not be available. *Id.* at 567-68.

However, the Tenth District disagreed with this ruling and rejected the limitation of contribution under R.C. 2307.31(A) to co-tortfeasors "susceptible to suffer an adverse judgment in a maintainable action by plaintiff." *Henry v. Consolidated Stores, Internl. Corp*. (1993), 89 Ohio App.3d 417, 624 N.E.2d 796. Instead, the court reasoned that a defendant who may have an action for contribution need not be held at peril to the plaintiff's diligence in naming all potential co-tortfeasors as defendants. *Id.*

The Ohio Supreme Court weighed in on this issue in *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.* (1997), 80 Ohio St. 3d 212, 685 N.E.2d 529. The court concluded that with respect to R.C. 2307.31(A),"liable in tort" means no more than that the contribution defendant acted tortiously and thereby caused damages. *Id.* at 215. The Court rejected the idea in *Shenefield* that the expiration of the limitations period on the underlying tort claim extinguishes liability and therefore that a subsequent contribution action is barred. *Id.* "Acceptance of that position by this court would enable plaintiffs to absolve chosen defendants of liability. The plaintiff could wait to

file a complaint until a claim against one of the defendants, but not the other, was time-barred, thereby destroying the disfavored defendant's statutory right to contribution." *Id.* Other Ohio appellate courts have recently adopted the same view. *See Mennonite v. Hoyt Plumbing* (2008), 2008 Ohio App. LEXIS 1741; *Goodyear Tire & Rubber Co. v. Robert J. Brocker, Jr., M.D., Inc.* (1999), 1999 Ohio App. LEXIS 3170.

This Court is convinced by both the conclusion and reasoning of *MetroHealth Med*. The primary intention behind R.C. § 2307.25(B) was "to prevent the inequitable situation of a tortfeasor paying contribution to a fellow tortfeasor who has settled and remaining subject to liability on the underlying claim." *MetroHealth Med*, 80 Ohio St. 3d at 216.

Here, Plaintiff Martin was injured on December 13, 2003. Any negligence or product liability claim she may have had against the Third-party Defendants became time-barred two years later. *See* R.C. § 2305.10. Thus, APCC and B&B were never in jeopardy of being held doubly liable to both CSX and Plaintiff Martin. Under *MetroHealthMed*, the expiration of the limitations period on the underlying tort claim does not serve to extinguish liability in a subsequent contribution action. As a result, CSX's contribution claim against APCC and B&B survives.

**3. Leah Hohenberger's Affidavit**

APCC has filed a motion to strike the affidavit of Leah Hohenberger, Counsel for CSX. (Doc. 109). The affidavit purports to show that APCC participated in settlement discussions between Plaintiff and CSX which contradicts APCC's current stance to "plead ignorance even though it has known of the settlement amount for nearly a year." (Doc. 108). The Court need not consider the admissibility of the affidavit as it was not relevant to the questions before the Court. APCC's motion to strike the affidavit is dismissed as moot.

**IV. Conclusion**

For the reasons stated above, Third-party Defendants APCC and B&B's motions for judgment on the pleadings (Doc. 102, 103) are denied. APCC's motion to strike the affidavit of Leah Hohenberger (Doc. 109) is denied as moot.

IT IS SO ORDERED.

                                                     s/ *David A. Katz*  
                                                     DAVID A. KATZ  
                                                     U. S. DISTRICT JUDGE