IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AUDRA S. MARTIN,

                        Plaintiff,                    Case No. 3:06 CV 2915

          -vs-

                                           MEMORANDUM   OPINION

CSX TRANSPORTATION, INC.,

                        Defendant.

KATZ, J.

This cause is before the Court on the motions of Third-party Defendants American Power Conversion Corp. ("APCC") (Doc. 120) and B&B Battery (USA), Inc. ("B&B") (Doc. 122) for partial summary judgment.  For the reasons that follow, both motions will be granted.

**I. Background**

On December 5, 2006, Plaintiff Audra Martin filed a Complaint against CSX Transportation, Inc. alleging that she was injured on December 13, 2003. (Doc. 1).  Plaintiff Martin alleges that while she was a yardmaster at CSX's rail yard in Willard, Ohio a battery used to power the yard's power supply system began to leak and release fumes that caused Plaintiff Martin to lose consciousness, fall, and sustain injuries.  Plaintiff Martin sued CSX under the Federal Employers Liability Act ("FELA") 45 U.S.C. § 51, et seq. On December 28, 2006, CSX filed an Answer denying liability. (Doc. 4).  On August 21, 2007, CSX filed a Third-party Complaint against APCC for contribution and indemnity. (Doc. 51).  On October 18, 2007, APCC filed an Answer to the Third-party Complaint denying liability and asserting affirmative defenses. (Doc. 54).

On June 5, 2008, CSX and Plaintiff Martin settled their disputes and filed an amended notice stipulating to the dismissal of Plaintiff's claims against CSX, with prejudice, due to a settlement

between the parties. (Doc. 80, 81).  It is not disputed that this settlement agreement made no mention of APCC or B&B.

On October 14, 2008, CSX filed a Second Amended Third-party Complaint against APCC and new Third-party Defendant B&B, the manufacturer of the battery. (Doc. 95).  CSX alleged two claims against APCC and B&B: (1) indemnification, and (2) contribution.  On October 16, 2008, APCC filed an Answer to the Second Amended Third-party Complaint, and B&B filed an Answer on December 8, 2008. (Doc. 96, 97).

APCC and B&B then filed motions for judgment on the pleadings, which were denied by this Court in an opinion issued on May 27, 2009. (Doc. 117).

## II. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.  *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party."  *Williams    v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## III. Discussion

In the memorandum opinion of May 27, 2009, this Court rejected APCC and B&B's argument that they were entitled to judgment on the pleadings because CSX's Second Amended Third-party Complaint did not plead specifically that the settlement agreement between CSX and Martin extinguished the Third-party Defendants' liability.  This Court also rejected the argument that the Third-party Defendants were entitled to judgment on the pleadings because the statute of limitations on Martin's underlying claims against them had run.

At the time the Court considered these motions, "the [settlement] agreement itself ha[d] not been presented for the Court's consideration." (Doc. 117 at 3).  Thus, the Court looked entirely to the pleadings, and "[drew] no conclusions regarding the content of the agreement except that the agreement extinguished Plaintiff Martin's claims against CSX." *Id.* at 4.  The settlement agreement is presently in the record, however.

The Third-party Defendants now contend that they are entitled to summary judgment on CSX's contribution claims, asserted in its Second Amended Third-party Complaint,  pursuant to Ohio Rev. Code § 2307.25(B), which provides that:

> A tortfeasor who enters into a settlement with a claimant is not entitled to contribution from another tortfeasor whose liability for the injury or loss to person or property or the wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement that is in excess of what is reasonable.

Since it is not disputed that the settlement agreement did not mention APCC or B&B, it would appear from the plain language of the statute that CSX is not entitled to contribution from the Third-

party Defendants, as their liability was not "extinguished by the settlement."  Indeed, this Court

expressly held in its opinion of May 27, 2009 that the Third-party Defendants might still be liable to

CSX on a contribution claim even though the statute of limitations had run on any claim against the

Third-party Defendants brought by Martin. (Doc. 117 at 8).

CSX nonetheless argues that, because the Third-party Defendants' liability to Martin was

extinguished by operation of the statute of limitations, R.C. § 2307.25(B) is inapplicable.  In

essence, CSX argues that R.C. § 2307.25(B) should be read as if the words "or by operation of the

statute of limitations applicable to the underlying claim" appear after the phrase "by the settlement."

CSX cites no authority for this reading of the statute, which would contradict its plain language.[1]

See *Hartford Accident & Indemnity Corp. v. J.I. Case Co.*, 1987 WL 37365 (6th Cir. May 12, 1987).

**IV. Conclusion**

For these reasons, the Third-party Defendants' motions for partial summary judgment

(Docs. 120, 122) are granted.

IT IS SO ORDERED.

s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

---

[1]

Though CSX avers that the policy underlying R.C. § 2307.25(B) is to shield tortfeasors from the inequitable situation of having to pay contribution to a settling fellow tortfeasors while remaining subject to liability on the underlying claim, it is far from clear that this is the *sole* policy underlying this provision. Requiring a settling tortfeasor to name fellow tortfeasors from whom it plans to seek contribution in a release would appear to promote efficient resolution of claims by encouraging defendants to promptly identify and join parties who might be secondarily liable in a single action, and discouraging piecemeal litigation (and settlement) in such cases.